FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 09, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RICHARD E. WORLEY,

                 Petitioner,

    v.

JEFFERY A. UTTECHT,

                 Respondent.

No.   4:19-cv-05203-SMJ

**ORDER SUMMARILY DISMISSING HABEAS CORPUS PETITION**

Petitioner Richard E. Worley, a prisoner at the Coyote Ridge Corrections Center, brings this *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, ECF No. 1. The $5.00 filing fee has been paid.

**EXHAUSTION REQUIREMENT**

Petitioner challenges his 2018 Benton County conviction, following a plea of guilty, for child molestation in the first degree. He received a sentence of between sixty-eight months' confinement and life in prison. Petitioner indicates that he did not file a direct appeal. ECF No. 1 at 2.

Throughout the grounds for relief set out in his petition, Petitioner argues that the State of Washington has no jurisdiction to decide federal constitutional matters.

*Id.* at 5–12. It has long been settled that state courts are competent to decide questions arising under the U.S. Constitution. *See Baker v. Grice*, 169 U.S. 284, 291 (1898) ("It is the duty of the state court, as much as it is that of the federal courts, when the question of the validity of a state statute is necessarily involved, as being in alleged violation of any provision of the federal constitution, to decide that question, and to hold the law void if it violate that instrument."); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986) (holding that state courts are as competent as federal courts to decide federal constitutional matters). Petitioner's arguments to the contrary are meritless.

Additionally, before a federal court may grant habeas corpus relief to a state prisoner, the prisoner must exhaust the state court remedies available to him or her. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion generally requires that a prisoner give the state courts an opportunity to act on his or her claims before he or she presents those claims to a federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). A petitioner has not exhausted a claim for relief so long as he or she has a right under state law to raise the claim by an available procedure. *See id.*; 28 U.S.C. § 2254(c).

To meet the exhaustion requirement, the petitioner must have "fairly present[ed] his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal

nature of the claim." *Baldwin*, 541 U.S. at 29; *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). A petitioner fairly presents a claim to a state court by describing the factual or legal bases for that claim and by alerting the state court "to the fact that the . . . [petitioner is] asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365–66; *see also Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001). Mere similarity between a claim raised in a state court and a claim in a federal habeas corpus petition is insufficient. *Duncan*, 513 U.S. at 365–66.

Furthermore, to fairly present a claim, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Once a federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). It appears from the face of the petition that Petitioner has not exhausted his state court remedies as to each of his grounds for relief. *See* ECF No. 1. Indeed, Petitioner affirmatively represents that he did not exhaust his state court remedies. *Id.* at 3.

## GROUNDS FOR FEDERAL HABEAS CORPUS RELIEF

Petitioner asserts that the Washington State Constitution contradicts the U.S. Constitution regarding the Fifth Amendment right to "presentment or indictment of

a Grand Jury." *Id*. at 5. He claims "no bill of indictment" was brought against him, rendering his arrest, conviction, and imprisonment illegal. *Id.*

Petitioner seems to argue that because the state courts have defied "federally established procedures and processes for the adjudication of crimes," only "a court of federal jurisdiction" has jurisdiction over his claims. *Id.* His bald assertion that "due process of the law was ignored" is unsupported by his factual allegations. *Id.*

As the U.S. Supreme Court stated long ago, "Prosecution by information instead of by indictment is provided for by the laws of Washington. This is not a violation of the Federal Constitution." *See Gaines v. Washington*, 277 U.S. 81, 86 (1928). There is no federal constitutional violation when a prosecuting attorney's criminal information is substituted for a grand jury's indictment. *See Hurtado v. California*, 110 U.S. 516 (1884) (rejecting the claim that an indictment is essential to due process of law and that a state violates the Fourteenth Amendment by prosecuting a defendant with a criminal information). Petitioner's assertions to the contrary presented in his four grounds for federal habeas corpus relief are legally frivolous.

Because it plainly appears from the petition that Petitioner is not entitled to relief in this Court, **IT IS HEREBY ORDERED** that the petition, ECF No. 1, is **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

1      **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order,

2 enter judgment, provide copies to Petitioner, and close the file. The Court certifies

3 that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be

4 taken in good faith and there is no basis upon which to issue a certificate of

5 appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of

6 appealability is therefore **DENIED**.

7      **DATED** this 9th day of October 2019.

8                _____
               SALVADOR MENDOZA, JR.

9                United States District Judge

10

11

12

13

14

15

16

17

18

19

20